IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **TRANSGENDER LAW CENTER,**<br>  594 Dean Street<br>  Brooklyn, NY 11238<br><br>**and**<br><br>**RAPID DEFENSE NETWORK**<br>  11 Broadway, Suite 615<br>  New York, NY 10004<br><br>     **Plaintiffs,**<br><br>         v.<br><br>**UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT**<br>  500 12th Street, SW<br>  Washington, DC 20536<br><br>     **Defendant.** | Case No.   1:21-cv-2153 |

# COMPLAINT

Plaintiffs Transgender Law Center ("TLC") and Rapid Defense Network ("RDN") (collectively, "Plaintiffs"), by their undersigned attorneys, allege as follows:

## INTRODUCTION

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, seeking the release of agency records from United States Immigration & Customs Enforcement ("ICE"), a component agency of the United States Department of Homeland Security ("DHS").

2. Through this action, Plaintiffs seek to compel ICE to release information regarding the treatment of people who identify as transgender in the custody of DHS and ICE. These records will help the public better understand the conditions of detention for immigration detainees who identify as transgender and ICE's operation and oversight of detention facilities

that house transgender detainees.

3.  Plaintiffs requested the records at issue in this action from ICE on April 19, 2021. To date, despite their efforts to elicit the records or any substantive agency response, Plaintiffs have not received any determination regarding any of their three requests.  Indeed, Plaintiffs have not received *any* communications from ICE regarding these requests.  The agency's failure to provide any timely response is a violation of ICE's duties pursuant to FOIA.  Its delay and constructive denial of Plaintiffs' FOIA requests are improper and should not be countenanced. As a matter of law, ICE should be required to fulfill its statutory obligations and release the requested records immediately.

**PARTIES**

4.  Plaintiff Transgender Law Center is a non-profit organization based in California with offices in California, Georgia, and New York.  TLC is the largest national trans-led organization advocating for transgender and gender nonconforming people.

5.  Plaintiff Rapid Defense Network is a non-profit organization organized under the laws of New York with its principal place of business in New York.  RDN is a legal services organization dedicated to providing pro bono legal assistance to non-citizens facing deportation or detention.  RDN monitors developments in immigration law that affect the rights of noncitizens who are facing detention and deportation and partners with law firms and law school clinics to bring impact litigation and habeas corpus claims on behalf of noncitizens.

6.  Defendant ICE is an agency of the federal government and a component agency of DHS.  ICE has possession, custody and/or control of the records that Plaintiffs seek.  ICE is located at 500 12th Street, SW, Washington, D.C. 20536.

## JURISDICTION AND VENUE

7. This action arises under FOIA. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

9. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to'" by fostering the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation omitted).

10. Through the instant FOIA requests (and through this litigation), Plaintiffs seek to shine a public light on the conditions of detention for immigration detainees who identify as transgender and ICE's operation and oversight of detention facilities that house transgender detainees.

## REQUEST A

11. On April 19, 2021, Lynly Egyes and Sarah Gillman, on behalf of TLC and RDN, sent a FOIA request to ICE ("Request A") seeking the following records:

- Any policies, procedures, guidelines, instructions, quotas or other materials concerning detention of a transgender or intersex person in existence on or after January 1, 2015;

- Any policies, procedures, guidelines, instructions, quotas or other materials concerning detention of a transgender or intersex person during the COVID-19 pandemic from January 1, 2020 to the present; and

- Any training manuals, guides, memoranda, and other documents used to train ICE

3

> employees, DHS employees, or third-party contractors in the administration, regulation, or provision of medical and mental health care of transgender or intersex people in detention in existence on or after January 1, 2015.

A true and correct copy of Request A is attached hereto as Exhibit 1.

12. Pursuant to FOIA, an agency must make and communicate to the requester its determination regarding a request within 20 working days, or within 30 working days if it can show "unusual circumstances." *See* 5 U.S.C. § 552(6)(a)(i) & (a)(6)(B)(i). A requester is deemed to have exhausted their administrative remedies and may file suit if the agency misses the deadline to make and communicate its determination. 5 U.S.C. § 552(6)(C)(i).

13. The deadline to communicate a determination regarding Request A expired on May 19, 2021. Still, ICE has not communicated with Plaintiffs regarding this request to date.

14. In an effort to avoid litigation, counsel for Plaintiffs on May 3, 2021, sent an email to a DHS FOIA officer, asking to discuss FOIA Request A. A true and correct copy of that email is attached hereto as Exhibit 2. To date, Plaintiffs' counsel has not received any response.

15. Plaintiffs therefore have exhausted their administrative remedies regarding Request A pursuant to 5 U.S.C. § 552(6)(C)(i).

### REQUEST B

16. Also on April 19, 2021, Lynly Egyes and Sarah Gillman, on behalf of TLC and RDN, sent a FOIA request to ICE ("Request B") seeking the following records:

- Any records regarding detention facilities' oversight and management of and responses to grievances or complaints by transgender and/or intersex people;

- Any policies, procedures, guidelines, instructions, quotas or other materials concerning detention facilities' oversight and management of and responses to grievances or complaints by transgender and/or intersex people;

- Any training manuals, guides, memoranda, and other documents used to train ICE officers, DHS employees, or third-party contractors in the administration, and

4

> regulation concerning ICE related facility oversight data and management of any grievances or complaints by transgender and/or intersex people;

- Records regarding the number of grievances or complaints filed by transgender and/or intersex detainees regarding medical treatment or access; and

- Records regarding the number of grievances or complaints filed by transgender and/or intersex detainees regarding detention facility staff.

A true and correct copy of Request B is attached hereto as Exhibit 3.

17. Pursuant to 5 U.S.C. § 552(6)(A)(i), the deadline to communicate a determination regarding Request B was May 19, 2021. ICE has not communicated with Plaintiffs about this request. Plaintiffs therefore have exhausted their administrative remedies regarding Request B pursuant to 5 U.S.C. § 552(6)(C)(i).

18. In an effort to avoid litigation, counsel for Plaintiffs on May 3, 2021, sent an email to a DHS FOIA officer, asking to discuss FOIA Request B. A true and correct copy of that email is attached hereto as Exhibit 4. To date, Plaintiffs' counsel has not received any response.

### REQUEST C

19. Also on April 19, 2021, Lynly Egyes and Sarah Gillman, on behalf of TLC and RDN, sent a FOIA request to ICE ("Request C") seeking the following records:

- Copies of each weekly transgender care update, from January 1, 2015 to the present. This is a record reflecting information that may include, but is not limited to, the number of transgender and/or intersex people in custody; the number in solitary confinement, protective custody, administrative segregation, or medical isolation; their detention facility location; any medical problems or mental health needs;

- Records showing the number of transgender and/or intersex people in ICE custody by year from January 1, 2015 to the present; and

- Records, including meeting agendas and memoranda, relating to or created in connection with quarterly working group meetings as required by Section 7(b) of the June 19, 2015 memorandum, "Further Guidance Regarding the Care of Transgender Detainees," which is available at https://www.ice.gov/sites/default/files/documents/Document/2015/TransgenderCareMemorandum.pdf.

5

A true and correct copy of Request C is attached hereto as Exhibit 5.

20. Pursuant to 5 U.S.C. § 552(6)(A)(i), the deadline to communicate a determination regarding Request C was May 19, 2021. ICE has not communicated with Plaintiffs about this request. Plaintiffs therefore have exhausted their administrative remedies regarding Request C pursuant to 5 U.S.C. § 552(6)(C)(i).

21. In an effort to avoid litigation, counsel for Plaintiffs on May 3, 2021, sent an email to a DHS FOIA officer, asking to discuss FOIA Request C. A true and correct copy of that email is attached hereto as Exhibit 6. To date, Plaintiffs' counsel has not received any response.

## REQUEST D

22. Also on April 19, 2021, Lynly Egyes and Sarah Gillman, on behalf of TLC and RDN, sent a FOIA request to ICE ("Request D") seeking the following records:

- All correspondence, including emails, letters and internal memoranda, containing the terms "transgender" and/or "intersex" for which Lana Khoury of DHS/ICE/ERO/Custody Programs was an author or recipient from January 1, 2015 to the present;

- All correspondence, including emails, letters and internal memoranda, containing the terms "transgender" and/or "intersex" for which Andrew R. Lorenzen-Strait of DHS/ICE/ERO/Custody Programs was an author or recipient from January 1, 2015 to the present; and

- All correspondence, including emails, letters and internal memoranda, containing the terms "transgender" and/or "intersex" for which Capt. Edith Lederman, M.D., M.P.H. of the ICE Health Service Corps was an author or recipient from January 1, 2015 to the present.

A true and correct copy of Request D is attached hereto as Exhibit 7.

23. Pursuant to 5 U.S.C. § 552(6)(A)(i), the deadline to communicate a determination regarding Request D was May 19, 2021. ICE has not communicated with Plaintiffs about this request. Plaintiffs therefore have exhausted their administrative remedies regarding Request D pursuant to 5 U.S.C. § 552(6)(C)(i).

24.     In an effort to avoid litigation, counsel for Plaintiffs on May 3, 2021, sent an email to a DHS FOIA officer, asking to discuss FOIA Request D.  A true and correct copy of that email is attached hereto as Exhibit 8.  To date, Plaintiffs' counsel has not received any response.

## CLAIM FOR RELIEF

### COUNT I
(Declaratory and Injunctive Relief:
Violation of the Freedom of Information Act, 5 U.S.C. § 552)

25.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

26.     ICE is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the request that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records (or portions thereof) as to which they are claiming an exemption.

27.     The records requested in Requests A through D, described herein and attached hereto (Exhibits 1, 3, 5, and 7), are subject to release pursuant to FOIA.

28.     ICE's failure to comply with its statutory duties and timely disclose the records sought by Requests A through D is a constructive denial of these requests and violates FOIA, 5 U.S.C. § 552(a)(3)(A).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

   A. Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

   B. Declare that the records sought by Requests A through D, as more particularly described above, are public records pursuant to FOIA and must be disclosed;

   C. Order DHS to provide the requested records to Plaintiffs, including electronic

copies of records stored in electronic format, within 10 business days of the Court's order;

D. Award Plaintiffs the costs of this proceeding, including their reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: August 12, 2021

Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Matthew E. Kelley*
Matthew E. Kelley (Bar No. 1018126)
Leslie E. John
Elizabeth Weissert
Alex Levy
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 508-1112
Fax: (202) 661-2299
kelleym@ballardspahr.com

Sarah T. Gillman
(D.D.C. Bar # NY0316)
RAPID DEFENSE NETWORK
11 Broadway, Suite 615
New York, NY 10004-1490
sarah@defensenetwork.org

Lynly S. Egyes
Transgender Law Center PO Box 70976
Oakland, CA 94612
Tel: 973-454-6325

*Counsel for RDN and TLC*