UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRANSGENDER LAW CENTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT, <br><br> Defendant. | Civil Action No. 21-2153 (RCL) |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant Immigration & Customs Enforcement ("ICE"), by and through undersigned counsel, respectfully submits this Reply in support of its Cross-Motion for Summary Judgment (ECF No. 48).

As ICE previously demonstrated in its Motion and Cross-Motion and briefly discussed further below, ICE properly withheld the name of the third party in the video under Exemptions 6 and 7 (C). Plaintiffs' Opposition provides no basis to conclude otherwise.

Accordingly, the Court should grant ICE's Cross-Motion and deny Plaintiffs' Motion.

## ARGUMENT

Whether the Court decides to review the redaction in the video under Exemption 6 or 7(C), the conclusion remains that the same—ICE properly withheld the name of a third-party individual. Plaintiffs makes similar, or the same arguments, that were previously raised in their other filings, including that Exemption 7(C) does not apply to the video, the narrator's privacy interest does not outweigh the public interest, and ICE has not shown foreseeable harm. *See generally* Pls. Reply/Opp'n (ECF No. 49). Plaintiffs insists that ICE's arguments are conclusory (*id.* at 1), but to the contrary ICE thoroughly addressed these issues before, with supporting authority, and will briefly address each issue below.

First, Plaintiffs argues that Exemption 7(C) does not apply because ICE failed to demonstrate that "the video has none of the characteristics of a document compiled either as part of an investigation into criminal or civil wrongdoing or related to guidelines, techniques, sources, and procedures for law enforcement investigations and prosecutions, even when the materials have not been compiled in the course of a specific investigation." *Id.* at 2. Contrary to Plaintiffs' contentions, ICE affirmed and described its law enforcement responsibility to extend to the records at issue because they pertain to ICE's obligation to enforce the immigration laws of the United States by investigating non-U.S. individuals who may be present in the United States illegally,

including records of interviews, arrests, bookings, detentions, removals, and other related investigations. *See* Pineiro Decl. (ECF No. 40-2) ¶ 35. Indeed, as conceded by Plaintiffs and admitted, the video is labeled "Providing treatment to adult transgender patients in ICE custody: *update on IHSC clinical guidelines.*" *See* Def. Response to Pls. Statement of Material Facts (ECF No. 46-1), No. 13. By the video's own title, the information in the vide provides guidelines to ICE in providing treatment to transgender patients in ICE custody. *See also id.*, No. 19. Thus, Plaintiffs' arguments are meritless, and Exemption 7(C) applies to the information withheld in the video.

Second, contrary to Plaintiffs' assertions the public's interest does not outweigh the third-party's interest. Plaintiffs insists that knowing the third-party's name will allow the public to know the narrator's relationship with ICE, their medical qualifications and training and experience with transgender issues and the third party-privacy interest are minimal because the video does not show their face or any other personal identifying information. *See* Pls. Reply/Opp'n (ECF No. 49) at 2–4. As an initial matter, it does not matter whether the video shows the third-party's face or other identifying information because a person's name is personal information. *See Prison Legal News v. Samuels*, 787 F.3d 1142, 1147 (D.C. Cir. 2015) (holding that personal information includes "names and addresses"); *Milton v. Dep't of Just.*, 783 F. Supp. 2d 55, 58 (D.D.C. 2011) (holding that "[t]he information ... 'need not be intimate'" (quoting *N.Y. Times Co. v. NASA*, 920 F.2d 1002, 1006 (D.C. Cir. 1990)). Further, Plaintiffs' other arguments are meritless and ignores the host of legal authority in this district that private individuals have a substantial, not minimal, privacy interest in personal information, including their names. *See* Def. Opp'n/Reply (ECF No. 43) at 18–19 (citing examples); *see also Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 116 (D.D.C. 2005) (employees have a cognizable interest in keeping their names from

being disclosed); *Judicial Watch v. Dep't of State*, 875 F. Supp. 2d 37, 46 (D.D.C. 2012) ("A substantial privacy interest exists in avoiding embarrassment, retaliation, or harassment and intense scrutiny by the media that would likely follow disclosure."). Plaintiffs cite to no authority to suggest the contrary.

Also, Plaintiffs confuse the relevant question for the public interest analysis. "[T]he relevant question" in this public interest analysis "is not whether the public would like to know the name[]... but whether knowing those names would shed light on [ICE] performance of its statutory duties." *McGehee v. Dep't of Just.*, 800 F. Supp. 2d 220, 234 (D.D.C. 2011); *see also Dep't of Just. v. Reporters Comm.*, 489 U.S. 749, 773 (1989). And "the public interest sought to be advanced" in the release of the information "is a significant one, an interest more specific than having the information for its own sake." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). Plaintiffs' arguments merely amount to wanting the third-party's name for their own sake or simply just to know. Contrary to Plaintiffs' assertions, solely providing the name of the third-party individual does not shed any light on how ICE handles issues pertaining to transgenders. *See, e.g., Voinche v. FBI,* 940 F. Supp. 323, 330 (D.D.C. 1996) (finding that "there is no reason to believe that the public will obtain a better understanding of the workings of various agencies by learning the identities of the people mentioned" in agency documents); *see also Fed. Labor Rels. Auth. v. Dep't of Treasury*, 884 F.2d 1446, 1453 (D.C. Cir. 1989) (finding that the public interest in release of the names and home addresses of federal employees does not "outweigh the workers' significant interest in privacy"). Indeed, "information that does not directly reveal the operation or activities of the federal government falls outside the ambit of the public interest that the FOIA was enacted to serve." *Elec. Priv. Info. Ctr.*, 384 F. Supp. 2d at 117–18 (internal quotations omitted) (quoting *Fed. Labor Rels. Auth.*, 884 F.2d at 1453).

Lastly, Plaintiffs argue again that ICE has failed to show that releasing the narrator's name would cause foreseeable harm. *See* Pls. Reply/Opp'n (ECF No. 49) at 2–4. ICE has already thoroughly addressed this issue. *See* Def. Mot. (ECF No. 40) at 18–22; *see also* Def. Opp'n/Reply (ECF No. 43) at 15–20; Def. Cross-Mot. (ECF No. 48) at 4. As ICE specifically described the release of the name would cause foreseeable harm to the third-party individual because it would expose the individual to identity theft, unwanted contact from persons that might seek to harm the individual and it is important to withhold the name of the individual because people associated with ICE have received an increase in threats, intimidation, and personal attacks in recent years due to the nature of their work. *See also* Def. Opp'n/Reply (ECF No. 43) at 18 (citing Pineiro Decl. (ECF No. 40-2) ¶¶ 40, 41, 44)). Plaintiffs do not dispute that these are harms but instead argues that these harms have not been specifically connected to the third-party individual. *See* Pls. Reply/Opp'n (ECF No. 49) at 3–4. This argument lacks any logic. Indeed, the harms have not occurred to the specific third-party because their personal identifying information has not been released however if their name was released, ICE identifies concrete harms that would result from the release. Further, ICE's declarations are accorded "a presumption of good faith" and the presumption can be rebutted only with clear evidence of bad faith, and not by "purely speculative claims." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991); *see also Elgabrowny v. CIA*, 613 F. Supp. 3d 170, 180 (D.D.C. 2020) (stating that "Agency declarations are afforded a presumption of good faith… a plaintiff cannot rebut the good faith presumption afforded to an agency's supporting affidavits through purely speculative claims") (internal citations and quotations omitted)). Plaintiffs have not submitted any evidence to rebut the presumption of good faith afforded to ICE. Also, as demonstrated above, individuals have a substantial interest in their personal information and Plaintiffs have not met their burden to establish that disclosure would

sufficiently serve the public interest to overcome the individuals' privacy interests. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

Accordingly, the balancing inquiry favors withholding the name of the third-party individual under Exemptions 6 and 7(C).

## CONCLUSION

For these reasons, as well as those set forth in ICE's motions the Court should grant summary judgment in favor of ICE and deny Plaintiffs' motions.

Dated: September 12, 2024

Respectfully submitted,

MATTHEW M. GRAVES, DC Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/ Stephanie R. Johnson_____
STEPHANIE R. JOHNSON
DC Bar # 1632338
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7874
Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*